### HENSLEE et al. v. McLARTY et al.

BECK, J.  1.  Under the facts as they appear in the record, there was no abuse of discretion in refusing to grant an injunction in this case.

2. The act approved August 23, 1905 (Acts 1905, p. 425), making provision for local taxation for district schools, as amended by the act of August 21, 1906, was attacked as being unconstitutional on the following grounds:  (a)  "Because they are in conflict with and violate section 4, article 8, now section 5909 of the Code of said State, as [and] will also conflict with and violate section 3 of the same article of the constitution of this State.  That there is no express or implied power given in this section authorizing a levy or collection of the district school tax, mentioned in either of said acts of the legislature, and the acts, so far as they relate to the laying out of the counties in the State into school districts and levying a tax to supplement the public school funds, are unconstitutional and void."  (b)  "That said act also violates and is in conflict with that part of the constitution of this State which provides that all taxation shall be uniform within the territorial limit of the property to be taxed.  It is not uniform; it is not a levy of tax by the County of Douglas, or by any municipal corporation in said county or within any other political division recognized or permitted by the constitution of the State of Georgia.  It is not within any county militia district, or any other political division of the State as recognized by the constitution thereof."  (c)  "That both of said acts of the legislature, above set out, are unconstitutional, null and void, so far as the same relates to district schools, for the reason that the acts establish new political divisions there, then those recognized and guaranteed by the constitution of the State, and in no way recognized by previous or existing political divisions of the State that can be clothed with authority under the constitution to levy a tax for school purposes."  Such an attack upon the acts in question is without merit, in view of the provisions of the constitutional amendment adopted in 1903, authorizing local taxation for public schools.

3. Other allegations were made in the petition, to show that the acts of the legislature, above referred to, were repugnant to the constitution, but they were too vague and indefinite to raise any constitutional question for decision by this court.

*Judgment affirmed.  All the Justices concur.*

Argued January 16,—Decided August 11, 1908.

Petition for injunction.  Before Judge Edwards.  Douglas superior court.  November 12, 1907.

*J. S. James,* for plaintiffs.

*Roberts & Hutcherson,* for defendants.